IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM BODETT, and BODETT & COMPANY, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> G6 HOSPITALITY, LLC; G6 HOSPITALITY IP LLC; and MOTEL 6 OPERATING L.P., ACCOR ECONOMY LODGING, <br><br> *Defendants*. | Case No: 1:25-cv-04854-DEH |

**STIPULATED PROTECTIVE ORDER**

Upon consideration of the Proposed Stipulated Protective Order of the parties, ECF No. 31, IT IS HEREBY ORDERED THAT:

1      **Definitions.** As used in this protective order:

     (a)      "action" means the above-entitled proceeding: *Tom Bodett, et al. v. 6G Hospitality, LLC, et al.*, Case No. 1:25-cv-04854-DEH and any appeals from it.

     (b)      "attorney" means an attorney who is retained specifically for this action and has filed a Notice of Appearance in this action and/or is employed by a law firm that is counsel of record for a party in this action;

     (c)      Information designated as "confidential" is information that the designating party or non-party reasonably and in good faith believes is not in the public domain and that reflects confidential and proprietary business information or any other information that a Party may reasonably and in good faith believes require confidential treatment to protect a legitimate business or other interest.

    (d)    "confidential document" means a document designated as confidential under this protective order;

    (e)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert, provided that the efforts undertaken are commercially reasonable under the circumstances;

    (f)    "document" means information disclosed or produced in discovery, including at a deposition;

    (g)    "notice" or "notify" means written notice;

    (h)    "party" means a plaintiff or defendant in this action;

    (i)    "professional vendor" means any person or entity that provides litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving, or copying data in any form or medium, etc.) and its employees and subcontractors; and

    (j)    "protected document" means a document protected by a privilege or the work-product doctrine.

**2**    **Designating a Document or Deposition as Confidential.**

    (a)    A party or non-party disclosing or producing a document may designate it as "confidential" if the party or non-party contends in good faith that it contains information consistent with the definition in Section 1 of this agreement.

    (b)    A party or non-party may designate a document as confidential by conspicuously marking each page with the word(s) "confidential" or "attorneys' eyes only."

 (c) Deposition testimony may be designated as "confidential" or "attorneys' eyes only":

  (1) on the record at the deposition; or

  (2) after the deposition, by promptly notifying counsel of record for the parties and those who were present at the deposition within 14 days of receipt of a final deposition transcript. Any failure to make the designation within that period will not be deemed a waiver, in whole or in part, of the right to designate testimony as otherwise allowed by this Order.

 (d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

**3 Who May Receive a Confidential Document.**

 (a) A confidential document may be used only in this action, provided that nothing in this Order shall limit a party's use of its own confidential documents.

 (b) No person receiving a confidential document may reveal it, except to:

  (1) the court and its staff;

  (2) an attorney or any paralegal, clerical and other assistant employed by such attorney and assigned to this matter;

  (3) a person shown on the face of the confidential document to have authored or received it;

  (4) a court reporter or videographer retained in connection with this action;

  (5) any witness who counsel for a party in good faith believes may be called to testify at trial, hearing, or deposition in this action, provided such person

        has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (6)    professional vendors to whom disclosure is reasonably necessary for the prosecution or defense of this action;

    (7)    mediators and arbitrators, including their employees and staff, that parties retain in connection with this action or that the Court appoints;

    (8)    a party, including officers, directors, and employees of the party, for the sole purpose of assisting in this action, as well as secretarial and clerical employees regularly working with such persons; and

    (9)    any person who is retained by a party to serve as an expert witness or otherwise provide specialized advice in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(c)    A party or non-party may supplement the "confidential" mark (see paragraph 2(b)) with the words "attorney's eyes only" for documents that contain the parties' non-public, highly sensitive (i) financial information; (ii) customer information, and/or (iii) business plans, in which case a confidential document so designated may not be revealed, except to:

    (1)    an attorney or any paralegal, clerical and other assistant employed by such attorney and assigned to this matter, provided that such attorney is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party;

   (2) any person who is retained by a party to serve as an expert witness or otherwise provide specialized advice in connection with this action, provided such person (a) has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto; (b) is not a current officer, director, or employee of a party or of a competitor of a party, nor anticipated at the time of retention to become an officer, director, or employee of a party or of a competitor of a party; (c) is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party or a competitor of a party;

   (3) Any other category of person identified in subparagraphs 3(b)(1), (3), (4), (6), or (7); and

   (4) Any other person with the prior written consent of the producing party.

(d) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

(e) Prior to the disclosure of any document or information designated as "confidential" to any person referred to in subparagraphs 3(b)(5) and 3(b)(9), such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition, hearing, or trial) or at the conclusion of the case, whichever comes first.

4       **Serving This Protective Order on a Non-Party.**  A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order and of the Local Rules of this Court.

5       **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within seven days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.  A party does not waive its right to designate a document as confidential inadvertently or unintentionally producing documents without designating them.

6       **Use of a Confidential Document in Court.**

   (a)     Filing.  This protective order does not authorize the filing of any document under seal.  A confidential document may be filed only in accordance with the Rules of this Court and/or the Local Rules of this District.

   (b)     Presentation at a hearing or trial.  A party intending to present another party's or a non-party's confidential document at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7       **Changing a Confidential Document's Designation.**

   (a)     Document disclosed or produced by a party.  A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

   (b)     Document produced by a non-party.  A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or

    the court orders otherwise after providing an opportunity for the non-party to be heard.

 (c) Challenging a designation. A party who wishes to challenge a designation shall, at any time prior to the trial of this action, serve upon counsel for the designating party a written notice stating with particularity the grounds of the objection. The designating party or non-party will have seven calendar days from service of the notice to consider de-designating or re-designating the information. If the parties cannot reach agreement, counsel for all parties shall address their dispute in accordance with this Court's Practices. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

**8 Handling a Confidential Document after Termination of Litigation.**

 (a) Within 60 days after the termination of this action (including any appeals), each party must:

  (1) return or destroy all confidential documents, and

  (2) notify the disclosing or producing party or non-party that it has returned or destroyed all confidential documents within the 60-day period.

 (b) Notwithstanding paragraph 8(a), each attorney may retain in continuing compliance with the terms of this Order, their attorney work product, pleadings, and documents filed with the Court, and full copies of each deposition, affidavit, or similar testimony, together with exhibits marked in or attached thereto.

**9 Inadvertent Disclosure or Production to a Party of a Protected Document.**

 (a) Notice.

(1) The disclosure of privileged or protected communications or information, whether inadvertent or otherwise, will not constitute a waiver of any privilege or other protection (including work product) in this case or any other or future case or proceeding.

(2) Upon realizing an inadvertent disclosure, the producing party will notify the receiving party of the inadvertent disclosure and instruct the receiving party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information).

(3) Upon receiving such a request from the producing party, the receiving party must promptly sequester, return, delete, or destroy all copies of such inadvertently produced communications or information (including any work product containing such communications or information), and must make no further use of such communications or information (or work product containing such communications or information).

(4) Nothing in this Order prevents the receiving party from challenging the propriety of the attorney-client privilege, work product doctrine, or other designation of protection, but a party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

(5) This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) or applicable state rules, and the

    provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of documents or information as a result of this Order.

 (b) Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

10 **Security Precautions and Data Breaches.**

 (a) Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

 (b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11 **Relief from Order.** A party or non-party may ask the Court to modify this Order. This Order is without prejudice to all rights of parties and non-parties concerning objections to discovery and admissibility.

12 **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action

13 **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**IT IS SO STIPULATED** by the parties' undersigned counsel.

| | |
|---|---|
| Tom Bodett, and Bodett & Co., Inc. | G6 Hospitality, LLC; G6 Hospitality IP LLC; and Motel 6 Operating L.P., Accor Economy Lodging |
| */s/ Christian D. Carbone* | */s/ Jonathan W. Thomas* |
| By: Christian D. Carbone | By: Jonathan W. Thomas |
| LOEB & LOEB LLP | GREENBERG TRAURIG, LLP |
| 345 Park Avenue | One Vanderbilt Avenue |
| New York, New York 10154 | New York, New York 10017 |
| Tel.: 212-407-4000 | Tel.: 212-801-9219 |
| Email: ccarbone@loeb.com | Email: jonathan.thomas@gtlaw.com |
| Dated: October 20, 2025 | Dated: October 20, 2025 |

**IT IS SO ORDERED.**

Dated: October 21, 2025
New York, New York

The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: October 21, 2025
New York, New York

_____
Dale E. Ho
United States District Judge